# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AARON HANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-0515-CVE-FHM |
| | ) | |
| BRUCE FARRAR, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Transfer Venue and Brief in Support (Dkt. # 8). Defendant Bruce Farrar asks the Court to transfer this case to the United States District Court for the Western District of Arkansas, because this case concerns an automobile/bicycle accident that occurred in Arkansas and none of the parties are citizens of Oklahoma for the purpose of diversity jurisdiction. Dkt. # 8. Plaintiff Aaron Hansen responds that he received medical treatment in Oklahoma following the accident, and his choice of forum should be given deference. Dkt. # 11. The deadline to file a reply has expired, and defendant has not filed a reply.

Hansen alleges that he was participating in a cycling race in Fort Smith, Arkansas on September 13, 2015, and he was riding his bicycle on the designated course. Dkt. # 1, at 2. He claims that Farrar was stopped by volunteers assisting with the race when Farrar attempted to drive onto the course. Id. at 3. Hansen alleges that Farrar disregarded warnings to stay off the race course and he attempted to drive across the course just as Hansen was coming around a corner. Id. Hansen's bicycle collided with Farrar's vehicle, and Hansen alleges that the accident was solely the result of Farrar's negligence. Id. Hansen states that he is a citizen of the state of Texas, but he is

a commissioned officer in the United States Air Force and he was stationed in Tulsa, Oklahoma when the accident occurred. Id. at 1. Farrar is a citizen of Arkansas. Id.

On September 11, 2017, Hansen filed this case in the United States District Court for the Northern District of Oklahoma, and he has asserted a negligence claim against Farrar. Farrar alleges that the parties are completely diverse and that he is seeking over $75,000 in damages. Farrar states that venue is appropriate in this Court, because this is the judicial district in which he is domiciled and "a substantial part of the medical treatment and physical therapy occurred following the injuries Plaintiff sustained in the incident giving rise to this action." Id. at 2. The complaint does not include an allegation that Farrar is subject to personal jurisdiction in Oklahoma. Farrar has filed a motion requesting that the Court transfer this case to the Western District of Arkansas under 28 U.S.C. § 1404.

Both plaintiff and defendant rely on the factors for transfer of venue under § 1404 in support of their arguments, but § 1404 applies only if this Court is an appropriate venue for plaintiff's case. Atlantic Marine Constr. Co., Inc. v. United States District Court for the Western District of Texas, 134 S. Ct. 568, 579 (2013). Section 1404 states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." This statute allows a district court to "transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district." Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d 973, 977 (7th Cir. 2010). A case filed in an improper venue can still be transferred to a district court in which the case could have been filed, but such transfers are governed by 28 U.S.C. § 1406. Atlantic Marine Constr. Co., 134 S. Ct. at 578. Section 1406 provides that a district court "in which is filed a case laying venue in the

2

wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Before reaching the arguments raised by the parties, the Court must initially determine whether venue is proper in the Northern District of Oklahoma.

The question of whether venue is proper in a particular federal district court is governed by 28 U.S.C. § 1391. Section 1391 states that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Plaintiff relies solely on § 1391(b)(2) in support of his assertion that venue is proper in this Court. Under § 1391(b)(2), venue can be proper in multiple judicial districts as long as a "substantial part of the underlying events took place in those districts." Employers Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1166 (10th Cir. 2010). The focus of a district court's analysis is on "whether the forum activities played a substantial role in the circumstances leading up to the plaintiff's claim." Crowe & Dunlevy, P.C. v. Stidham, 609 F. Supp. 2d 1211, 1222 (N.D. Okla. 2009).

Plaintiff argues that he received medical treatment in Tulsa following the accident, and he claims that his medical treatment is a substantial part of the events giving rise to his claim. Plaintiff cites no authority that medical expenses or treatment can be considered a substantial event giving rise to his claim. The Court has independently researched this issue and federal courts have

3

consistently found that medical treatment, by itself, is not considered a substantial part of the events giving rise to the plaintiff's claim. Wisland v. Admiral Beverage Corp., 119 F.3d 733, 736 (8th Cir. 1997); Whiting v. Hogan, 855 F. Supp. 2d 1266, 1286-87 (D.N.M. 2012); Hanyuan Dong. v. Garcia, 553 F. Supp. 962, 965 (N.D. Ill. 2008); Smith v. Fortenberry, 903 F. Supp. 1018 (E.D. La. 1995). In this case, the event giving rise to plaintiff's claim against defendant was the accident that occurred in Fort Smith, Arkansas. All of the acts that would constitute negligence on the part of the defendant occurred in Fort Smith, and plaintiff has not alleged that defendant committed any act in the state of Oklahoma. Plaintiff seeks damages for medical expenses incurred after the accident, but the medical treatment that plaintiff received did not give rise to his claim against defendant. Plaintiff happens to reside in Oklahoma and he sought medical treatment in Oklahoma, but the location of plaintiff's residence does not constitute a substantial part of the events giving rise to his claim against defendant. Whiteman v. Grand Wailea Resort, 1999 WL 163044 (N.D. Cal. Mar. 17, 1999) (the alleged tortious conduct occurred in Hawaii, and venue was not appropriate in California merely because the plaintiff obtained medical treatment after leaving Hawaii).

The Court finds that venue is not proper in the Northern District of Oklahoma, because all of the acts giving rise to plaintiff's claim occurred in Fort Smith, Arkansas. Based on this finding, the Court does not reach the parties arguments concerning transfer of venue under § 1404, because plaintiff has not shown that venue is proper in this Court. Instead, the Court must consider whether to dismiss the case or transfer it to a proper venue under § 1406. Trujillo v. Williams, 465 F.3d 1210, 1223 (10th Cir. 2006). The Court finds that it would be in the interests of justice to transfer this case to the Western District of Arkansas. Defendant has not sought dismissal of plaintiff's case due to improper venue, but defendant has asked the Court to transfer the case to a proper venue. The

4

Court is transferring the case to the Western District of Arkansas under § 1406, and the transferree court will apply its own choice of law rules to determine whether Oklahoma or Arkansas law should apply to the case. Trierweiler v. Croxton and Trench Holding Corp., 90 F.3d 1523, 1532 (10th Cir. 1996).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Transfer Venue and Brief in Support (Dkt. # 8) is **granted**, and the Court Clerk is directed to transfer this case to the United States District Court for the Western District of Arkansas.

**DATED** this 30th day of November, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE